# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNILOC 2017 LLC,<br><br>  Plaintiff,<br><br>  vs.<br><br>PAYCHEX, INC.,<br><br>  Defendant. | § § § § § § § § §   Civil Action No. 1:19-CV-11272-RGS |

**PROTECTIVE ORDER**

WHEREAS, Plaintiff Uniloc 2017 LLC ("Uniloc"), and Defendant Paychex, Inc. ("Paychex"), (Plaintiff and Defendant hereinafter collectively referred to as "the Parties"), believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document,

information or material as follows: "CONFIDENTIAL." The word "CONFIDENTIAL" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."

2. Any document produced under Local Rule 16.6 before issuance of this Order with the designation "Confidential," "Confidential Pursuant to the Court's Default PO," or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3. With respect to documents, information or material designated "CONFIDENTIAL, "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing, or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings, and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests,

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4. A designation of Protected Material (*i.e.*, "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information, or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5. "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 13 herein:

(a) for each of the individual consolidated actions respectively, outside counsel of record for the Receiving Party in that particular action ("Action");

(b) employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of that Action;

(c) up to and including three in-house counsel for the Receiving Party in that action who either have responsibility for making decisions dealing directly with the litigation of that Action, or who are assisting outside counsel in the litigation of that Action; such persons shall not be provided with copies of materials that are designated "RESTRICTED CONFIDENTIAL SOURCE CODE,"

(d) up to and including three designated representatives of the Receiving Party in that Action to the extent reasonably necessary for the litigation of the Action, except that either Party may in good faith request the other Party's consent to designate one or more additional representatives, the other Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such additional representative(s) if the requesting Party believes the other Party has unreasonably withheld such consent; such persons shall not be provided with copies of materials that are designated "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE,"

(e) outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of the Action, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than the Action, or other patent litigation; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the Producing Party with a current curriculum vitae of the consultant or expert at least ten days before access to the Protected Material is to be given to that consultant; and (3) the Producing Party did not object to and notify the Receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(f) independent litigation support services, including persons working graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of the Action; such persons shall not be provided with copies of materials that are designated "RESTRICTED - ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE," and

(g) the Court and its personnel.

6. A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information, or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7. Documents, information, or material produced pursuant to any discovery request in the particular Action, and designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of the particular Action in which the information was disclosed and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such DESIGNATED MATERIAL or any portion thereof, except as may be reasonably necessary in the litigation of the Action in which the information was produced. Any such copies, duplicates, extracts, summaries, or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8. To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED - ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

9. For Protected Material designated RESTRICTED -- ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals specified in paragraph 5(a)-(b) and (e) - (g) above.

10. For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

(a) Access to a Party's Source Code Material shall be provided only on "stand-alone"

computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet) ("Source Code Computer") and a display screen or monitor of a size of at least seventeen inches.  A Party shall also reasonably accommodate a request by a receiving party to bring larger size monitors or displays screens for connection to the stand-alone computer(s).  Unless a Producing Party provides written permission, which may be granted solely at the Producing Party's discretion, use or possession of any input/output device or recordable medium or outside electronic devices (e.g., USB memory stick, camera, cell phone, or any camera-enabled device, CDs floppy disk, portable hard drive, laptop and so forth) is prohibited while accessing the Source Code Computer. All persons entering the secured room containing the Source Code Computer must agree to submit to reasonable security measures before access is granted to the secured room to ensure no prohibited items are taken into the secured room. Additionally, except as provided in paragraph 10(k) below, the Producing Party in its discretion may make the stand-alone computer(s) available at the offices of its outside counsel, the offices of Producing Party, or another mutually agreed location;

(b) The Receiving Party shall provide reasonable written notice of request to inspect Source Code Material, and the parties will work together to schedule inspections. Such notice shall identify all persons who will review the Producing Party's Source Code Material during the reviewing session, who may be required to provide photo identification before any review session. 10 business days shall be presumed to be reasonable notice, and less than five (5) business days will be presumed to be unreasonable notice.  The Receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 5:30 p.m. local time. However, upon reasonable notice from the receiving party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the Producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.  As an alternative, a Producing Party may opt, in its sole discretion, to produce its Source Code Material on CD, DVD or other storage media as "RESTRICTED CONFIDENTIAL SOURCE CODE." If a Producing Party does permit such copying, the Receiving Party may copy such produced Source Code Material of Producing Party from the medium to a secured computer without Internet access or network access to other computer(s) which must be kept in a secure location at the offices of the receiving parties' Outside Counsel;

(c) The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(d) The Producing Party will produce Source Code Material in computer searchable format as kept in the normal course of business on the stand-alone computer(s) as described

6

above. The stand-alone computer(s) shall, at the receiving party's request, include reasonable analysis tools for the type of Source Code Material. Copying of the Source Code Material in a review shall be done in one of the following manners:

    i.    The Receiving Party shall be permitted to request (or if provided a printer, make) a reasonable number of printouts of Source Code Material, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," and the Receiving Party shall maintain a log of all such files that are printed or photocopied, which is provided to the Producing Party on request or at the termination of the Action;

    ii.    If requested, the Producing Party will permit reviewed Source Code Material to be saved into PDF files for placement in a predesignated folder on the stand-alone computer(s) as described above, for requested production in paper form. The Receiving Party shall not request printing of Source Code Material to review blocks of Source Code Material elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code Material electronically on the Source Code Computer. The Receiving Party shall only request production of printouts of those portions of the Source Code Material reasonably necessary for this case and, in any event, no more than a reasonable number of consecutive pages or overall pages. A request by the Receiving Party shall not be deemed reasonable or unreasonable simply because it has been requested. Following placement of the files in the predesignated folder, the Producing Party shall have the opportunity to review the PDF files for possible printed production. If the Producing Party does not believe that the request is reasonable, then the Producing Party and the Receiving Party shall meet and confer and attempt in good faith to resolve their disagreement. Only if the Parties reach impasse, then they shall seek the Court's assistance in resolving the disagreement.

        Any produced file shall be produced in printed form only and shall be numerically labeled with a number and the "RESTRICTED CONFIDENTIAL SOURCE CODE" designation. The numerically labeled printouts will be provided to the Receiving Party within 3 business days.

    iii.    Any other manner agreed to by the Producing Party and the Receiving Party.

(e) Access to Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE shall be limited to outside counsel and up to four outside consultants or experts[2] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above. Additional outside consultants or experts may be

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

granted access to Protected material designated RESTRICTED CONFIDENTIAL SOURCE CODE with permission of the Producing Party, or by leave of Court if the Producing Party does not agree, which leave of Court should be granted if the Receiving Party's request is reasonable in view of any change in circumstances. A Receiving Party may include excerpts of Source Code Material in a pleading or exhibit filed with the Court only if reasonably necessary, and shall append any excerpts it wishes to use to an expert report or discovery document (a "Source Code Document"). Source Code Documents must be appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(f) To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(g) Except as set forth in paragraph 10(k) below, no electronic copies of Source Code Material shall be made without prior written consent of the Producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(h) The Receiving Party shall be permitted to make a reasonable number of paper copies of Source Code Material if such additional copies are (1) necessary to prepare Source Code Documents, (2) necessary for deposition in which case the Receiving Party shall mark a single copy of the Source Code Material on which it wishes to conduct examination as Source Code Material and have the Court reporter mark it as a deposition exhibit; the Receiving Party, however, shall retain the single copy of the Source Code Document and not provide it to the Court reporter to ensure that the Court reporter does not further duplicate it or append it to the deposition transcript; or (3) otherwise necessary for the preparation of its case, which copies shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE." The Receiving Party shall maintain a log of each printout, electronic copy, and paper copy of Source Code Material. Such log shall indicate, on an ongoing basis, the past and current custodian(s) and geographic location(s) of each printout, electronic copy, and paper copy of Source Code Material in the Receiving Party's possession. The log shall be provided to the Producing Party on request or at the termination of the Action;

(i) Should the Producing Party permit, at its sole discretion, permit such printouts or photocopies to be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

(j) If the Receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the Receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured

locked area in the offices of such outside counsel, consultants, or expert. The Receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition);

(k) A Producing Party's Source Code Material may only be transported by the Receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above, on paper or, if agreed to in writing by the Producing Party, by removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick"), via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet;

(l) As set forth in paragraph 10(d), the Producing Party shall install tools that are sufficient for viewing and searching the code and any other files produced, on the platform produced. The Receiving Party, at its own expense, may request additional source code tools be installed on the stand-alone computer. The Parties further agree to negotiate in good faith regarding the review tools installed on the stand-alone computer; and,

(m) A Receiving Party shall return to the Producing Party all Source Code Materials and the requisite log (described above) the Receiving Party is required to maintain at the termination of the Action.

11. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s)

9

and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall destroy all copies of such documents, information or other material, and certify as such to the Producing Party. Alternatively, for documents, information, or other material not produced in electronic format, the Producing Party may request that the recipient(s) collect and return all copies of such material, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the Producing Party.

12. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

13. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen or is reasonably likely to have seen such DESIGNATED MATERIAL, (iv) a current or former officer, director, or employee of the Producing Party or a current or former officer, director, or employee of a company affiliated with the Producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, or expert retained for the purpose of this litigation; (vii) court reporters

and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the Producing Party or from the Court.

14. Parties may, at the deposition or hearing or within thirty days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEY' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential. Copies of material designated as "RESTRICTED CONFIDENTIAL SOURCE CODE" that are marked as deposition exhibits shall not be provided to the reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

15. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

16. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

17. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

18. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

19. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then

such Third Party information is expressly protected by this Order.

20. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" any documents, information, or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have thirty days after production of such documents, information, or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

21. Within sixty days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the Receiving Party's election either be returned to the Producing Party or be destroyed. The Receiving Party shall verify the return or destruction by affidavit furnished to the Producing Party, upon the Producing Party's request.

22. The failure to designate documents, information, or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order or the production of documents, information, and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

23. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.

24. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information, and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

25. If at any time documents containing Protected Material are requested or subpoenaed by any court, arbitral, administrative or legislative body, or are otherwise requested in discovery by another Party (the "Third Party Requestor"), the party to this Action from whom this information is requested (the "Requested Party") shall give written notice thereof to every party who has produced such documents and to their respective counsel ("Originally Producing Party") and shall copy the Originally Producing Party on any communications with the Third Party Requestor relating to such request or subpoena, and shall provide each such Originally Producing Party with an opportunity to object to the production of such documents. If an Originally Producing Party does not take any steps to prevent disclosure of such documents within thirty days of the date written notice is given, (such steps including, but not limited to, providing the Requested Party with notice of the Originally Producing Party's objection to the production of the documents, orally or in writing), the Requested Party may produce such documents only after permission is granted, Court has Ordered, or the thirty day period has lapsed, but shall take all reasonable measures to have such documents treated in accordance with

terms of this Protective Order.

26. Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

27. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

28. Absent the written consent of the producing party, any person retained by, employed by, representing, or affiliated with receiving party who actually reviews or otherwise learns, in whole or in part, producing party's HIGHLY SENSITIVE MATERIAL under this Order, including but not limited to producing party's product design or lifecycle information, producing party's product research and development information, or competitive product information generated by or on behalf of producing party that are designated RESTRICTED – ATTORNEYS' EYES ONLY, or RESTRICTED CONFIDENTIAL – SOURCE CODE (collectively "Highly Sensitive Material"), shall not be involved, directly or indirectly, in any of the following activities: advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, that affect the scope of claims in patents or patent applications relating to the field of the invention, before any foreign or domestic agency, including the United States Patent and Trademark Office during the pendency of this Action and for one year after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, counsel for receiving party shall create an "Ethical Wall" between those persons with access to HIGHLY

SENSITIVE MATERIAL and any individuals who, on behalf of receiving party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit.

To avoid any doubt, this prohibition is not intended to and shall not preclude counsel for receiving party from participating in proceedings challenging the validity of any patent, including but not limited to the asserted patents. However, this prohibition shall preclude counsel for receiving party from participating directly or indirectly in amending claims or drafting new claims in reexamination, *inter-partes* review, post grant review, covered business method review, or reissue proceedings on behalf of a patentee.

29. Nothing contained in this Order shall be construed to require production of material the disclosure of which would breach an express or implied agreement between the Producing Party and any third party to maintain such information in confidence.

30. A party may temporarily withhold production of otherwise discoverable information sought in a discovery request (e.g., interrogatory, request for production, request for admission) if the party is under an obligation to a non-party not to disclose such information. In such an event, except for information subject to a protective order or confidentiality order by another court, such party shall:

(a) timely serve a written objection to the production of the information in question on the basis of its obligation to a third party not to disclose such information;

(b) promptly provide to the third party whose confidentiality interests are implicated (i) notice of the pending request to disclose the information in question, and (ii) a copy of this Protective Order; and upon written request of the party seeking production of

the information in question, either (i) produce the information in question, or (ii) move the Court for a protective order to prevent disclosure of the information.

31. This Order shall be binding upon the parties to this Proceeding and signatories to the Undertaking, including their successor(s) and assigns, and their respective attorneys, agents, representatives, officers and employees.

32. The parties acknowledge and agree that if any party hereto breaches, or threatens to commit a breach of any of the provisions of this Order, each non-breaching party shall have the right to ask the Court for the remedy, which remedy shall be in addition to and not in lieu of, any other remedies available to the non-breaching party under law or in equity, to have the Order specifically enforced (without posting any bond), including, without limitation, the right to an entry against the breaching party of restraining orders and injunctions (preliminary and permanent) against breaches, threatened or actual, it being agreed and acknowledged that, in the event of any such breach or threatened breach, the breaching party is not entitled to a presumption that money damages or legal remedies are sufficient or adequate to remedy such a breach.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNILOC 2017 LLC,<br><br>  Plaintiff,<br><br>  vs.<br><br>PAYCHEX, INC.,<br><br>  Defendant. | § § § § § § § § | Civil Action No. 1:19-CV-11272-RGS |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS**
**REGARDING PROTECTIVE ORDER**

  I, _____, declare that:

1.  My address is _____.

My current employer is _____.

My current occupation is _____.

2.  I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3.  I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4.  Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all

documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

      I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____

4821-8489-2330.2